IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

Richard Barroso,
(TDCJ-CID#1452245),
      Plaintiff,

V.

State of Texas; Ken Paxton;
American Correctional Association;
Robert Green   ; Christopher
      Carter    ; Texas Board
of Criminal Justice; Eric Nichols;
TDCJ Health Services Division;
Dr. Lannette Linthicum; Texas
Department of Criminal Justice;
Bryan Collier; Bobby Lumpkin;
Marvin Dunbar; Cris Love; Cindy
Cisceneros; Jeania Pegoda; Janice
Demiter; Vannessa Sefcik; Leah
Alexis; Anthony Newton; Deward
De Moss; Stephen Massie; ____
Burke; Kerrie Barron; Maricia
Jackson; Linda C. None; Amanda
McCree; ____ Odom ; ____ Redus;
____ Lopez ; ____ Brennan;
____ Labrie; ____ Blount;
____ Milburn; ____ Gobar;
____ White;
            Defendants

§ § § § § § § § § §

United States Courts
Southern District of Texas
FILED

DEC 26 2024

Nathan Ochsner, Clerk of Court

COMPLAINT

Civil Action No.
_____

(Jury Demand)

# I.
## JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 USC Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC Sections 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff will seek of the court to exercise this jurisdiction both strenuously and with leniency due to extraordinary circumstances of plaintiff being both a qualified individual with disabilities and in conditions of confinement that plaintiff will show are systemic, against the authorities governing the operations of confinement, and not in the public interests.

2. The USDC-SD-Galveston Division is an appropriate venue under 28 USC. Section 1391(b)(2) because it is where the events giving rise to those claims occurred, though plaintiff, in showing systemic habit & routine practices, will be seeking consolidation of the cases of the three-striker against plaintiff, which upon court review will show unconstitutionally applied, as all are same/similar facts and questions of law and consolidation would not only be in the public interests, but would conserve the courts resources.

## II.
### PLAINTIFF

3. Plaintiff <u>Richard Barroso</u> is and was at all times mentioned herein a prisoner in the State of Texas, in the custody of the Texas Department of Criminal Justice. He is currently confined in Jester III Unit, in Richmond, Texas, which should be very temporary residence and return to Ramsey Unit in Rosharon, Texas.

3 Jester Rd
Richmond, TX 77406

## III.
### DEFENDANTS

4. Defendant #1 <u>State of Texas</u> is the authority of the State of Texas responsible for ensuring established laws and statutes, maintain Constitutionality for all relevant enforcements, and not be causation of unconstitutional circumstances and injuries/harms thereof to any citizen, especially those ordered to the confinement by the State, in a State agency. The State of Texas is legally responsible for those laws and statutes relevant to those unconstitutional enforcements upon declaration to modify, add a severability provision, etc. to uphold Supreme Laws of the Land, including those governing the operations of the Texas Department of Criminal Justice, wherein plaintiff is confined at the J3 Unit currently, to return to Ramsey Unit. This defendant is sued in official capacity relevant

to plaintiff's challenge of the Constitutionality, both facially and as enforced upon plaintiff, the Texas Civil Practices and Remedies Code §14,005(b). This defendant's address is State Capitol, 1400 Congress Ave., Austin, Texas 78701-1932 and service of process may be served upon Secretary of State, Jane Nelson, State Capitol, 1100 Congress Ave. Rm. 1E.8 Austin, Texas 78701, verify @ (512) 463-5770.

5, Defendant #2 <u>Ken Paxton</u>, Attorney General of State of Texas, 300 W. 15th St., Austin, Texas 78701-1649 verify @ (512)-463-2100 / Price Daniel Sr. Bldg., 209 W. 14th St, Austin, Texas 78701-1614, who plaintiff is suing in his official capacity as state's top authority responsible for ensuring state actors under color of state law, including those state actors relevant to plaintiff's proper care, custody, confinement, and control, know have a clear understanding of, and comply with all authorities governing the operations of the TDCJ. He was at all times relevant to plaintiff's ordered confinement. This defendant may be served process at the address verified above.

6. Defendant #3 American Correctional Association (ACA), 206 N. Washington St., Suite 200, Alexandria. VA. 22314, which is, in conjunction with State of Texas legislations, relevant authorities governing the operations of the TDCJ and at all times relevant to the claims, The ACA is contracted either with State of Texas and/or the TDCJ to monitor/audit TDCJ procedures, habits and routine practices to maintain compliances to all authorities governing the operations of the TDCJ, including the units where plaintiff is confined. The ACA is being sued in its official capacity for declaratory and injunctive relief and is responsible for overall operation of the TDCJ and each institution under its jurisdiction. The ACA may be served service of process at the above address.

7. Defendant #4 Robert Green, ACA Executive Director, 206 N. Washington St., Suite 200, Alexandria, VA. 22314, who is legally responsible for the compliances, by state actors under color of state law, the proper audits and regulated proper training and

supervision of state actors under color of state law and to review the regular audit reports for ensuring contractural obligations to the people for which the contract is with that the minimum standards of governing authorities are not breached. He is sued in his official capacity for declaratory and injunctive relief. this defendant may be serve process at the above address.

8. Defendant #5 Christopher Carter, ACA, Texas Division Director, who is *at all times* legally responsible for, and minimally *relevant*, the defendants herein to maintain proper training and supervision for their compliance of all authorities governing the operations of the TDCJ. This Defendant may be contacted at __206 N. Washington St., Suite 200, Alexandria, VA. 22314__ and is being sued in his official capacity for declaratory and injunctive relief relevant to the claims herein and may be served process at same address.

9. Defendant #6 Texas Board of Criminal Justice (TBCJ) (? Physical address not available) P.O. Box 13084, Austin, Texas 78711-3084, which is the authority

responsible for providing the TDCJ hierarchy of policies, rules, procedures, proper training and supervision schedules that All operations of the TDCJ are Constitutional and comply with the Supreme Laws of the Land. This defendant is sued in official capacity for declaratory and injunctive relief relevant to the claims herein which this defendant was at all times relevant. This defendant may be served service of process at the above address or the unavailable physical address.

10. Defendant #7 <u>Eric Nichols</u> (predecessor/successor) P.O. Box 13084, Austin, Texas 78711-3084, who plaintiff personally contacted for resolution of the claims herein, who was at all times relevant to the claims herein. He is legally responsible for implementation of the authorities of the daily operations of the TDCJ, the proper training and supervision of all relevant state actors under color of state law. He is being sued in his official capacity for declaratory and injunctive relief. Service of process address unavailable.

11. Defendant #8, TDCJ Health Services Division/ Correctional Managed Healthcare (CMHC), 2 Financial Plz., Ste 625, Huntsville, Texas 77340-3558, which is the authority within the TDCJ governing the first level of care, custody, confinement, and control of those confined to the TDCJ by order of State of Texas. This defendant is legally responsible to be the correlating decision-maker between the medical providers & TDCJ relevant to the physical and mental health care needs of prisoners, including plaintiff. This defendant was at all times relevant to the claims herein and is sued in official capacity for declaratory and injunctive relief. This defendant may be served process at the above address.

12. Defendant #9 Dr. Lannette Linthicum, TDCJ Health Services Division/ Correctional Managed Healthcare Director. 2 Financial Plz., Ste 625, Huntsville, Texas 77340-3558. She is legally responsible and was at all times relevant to the claims herein,

for ensuring that prisoners medical conditions, physical and mental impairments are properly interpretated from specialty clinic notes to ensure the proper care, custody, confinement, and control of all prisoners, including plaintiff. This defendant is being sued in her official capacity and may be served process at the above address.

13. Defendant #10, The Texas Department of Criminal Justice (TDCJ), (only address accessible) P.O. Box 13084 Austin, Texas 78711-3084, which is the State of Texas prison system and legally responsible for ensuring the Supreme Laws of the Land governing the operations of its prison units are adhered to. This is achieved only via proper training & supervision of all relevant state actors and governmental authorities for them to know, have a clear understanding of, and to comply with all authorities governing the operations of the TDCJ at all time, including the times relevant in the claims herein. The TDCJ is being sued in its official capacity for declaratory and injunctive relief. The

TDCJ may be served process at : (this address of physical location inaccessible).

14. Defendant # 11, <u>Bryan Collier</u>, TDCJ Executive Director for the State of Texas. The only address currently accessible for this defendant is P.O. Box 99, Huntsville, Texas 77342. He is legally responsible for the overall operations of the TDCJ and each institution under its direction and/or jurisdiction, including units and institutions relevant to the plaintiff and his claims herein. He is being sued in his official and individual capacities. Official capacity for declaratory and injunctive relief and individual capacity for compensatory and punitive relief relevant to the claims herein presented and with his predecessor/successor those claims to be amended/consolidated. He at all times was relevant. His service of process address is currently denied by access to courts.

<u>NOTE</u>: ALL FOLLOWING DEFENDANTS ADDRESS SAME AS ABOVE

15. Defendant # 12 <u>Bobby Lumphin</u>, TDCJ-Correctional Institution Division (TDCJ-CID), P.O. Box 99, Huntsville, Texas 77342. He is legally responsible for the

overall operations of the TDCJ-CID, including plaintiff's confinement, some of which include his predecessor Lori Davis of same and relevant claims, and each institution under the direction and/or jurisdiction of the TDCJ-CID. He was at all times relevant to plaintiff's claims herein. This defendant being sued in his official capacity for declaratory and injunctive relief and in his individual capacity for compensatory and punitive damages. The service of process address denied.

16. Defendant #13 <u>Marvin Dunbar</u> & predecessor, TDCJ Administrative Review & Risk Management (ARRM) Director, P.O. Box 99, Huntsville, Texas 77342 who is legally responsible the proper training & supervision of department heads to ensure compliances to all authorities governing the operations of the TDCJ, by state actors under color of state law, including those actors relevant to plaintiff's claims herein. He is being sued in his official capacity for declaratory and injunctive relief, and in his individual capacity for compensatory and punitive damages. Service of process address denied

17. Defendant # 14, <u>Cris Love</u>, TDCJ office of Inspector General (OIG), P.O. Box 99, Huntsville, Texas 77342. He is legally responsible for investigating claims that arise from the state prison actors' acts/omissions, and others' of institutions under its juris- diction, which may be in violation of the authorities governing the operations of the TDCJ. He is at all times relevant to the claims herein and was personally notified. This defendant is sued in his official capacity for declaratory and injunctive relief and in his individual capacity for compensatory and punative damages. Service of process address unknown,

18. Defendant # 15, <u>Cindy Cisceneros</u>, TDCJ Access To Courts, Counsels, and Public Officials Manager (ATC). She is responsible for the proper training & Supervision of all personnel relevant to the access to courts, positions, and other relevant services, programs, or activities for prisoners' to challenge convictions, challenge conditions

of confinement, receive assistance/provide assistance to other prisoners, receive requested and justified indigent legal supplies, facilitate accommodations to disabilities relevant to ATC. P.O. Box 99, Huntsville, Tx 77342. This defendant has been relevant at all time to all of plaintiff's state and federal civil actions, all of which pertain to deprived rights for ATC. She is legally responsible for the proper training & supervision of state actors under color of state law, especially relevant to proper handling and classification of property as legal materials, the storage thereof, to ensure fundamental Constitutional Access To Courts. This defendant is sued in her official capacity for declaratory and injunctive relief and in her individual capacity for compensatory and punitive damages, Service of process address denied.

19. Defendant #16 <u>Jeania Pegoda</u>, same as

defendant #16, TDCJ ATC Manager, and was at all times relevant legally responsible for the TDCJ Ramsey Unit relevant to plaintiff's claims relevant, the proper training and supervision of unit personnel, regional personnel under color of state law, she is sued in her official capacity for declaratory and injunctive relief and in her individual capacity for compensatory and punitive damages. P.O. Box 99, Huntsville, Tx 77342, Service of process address denied by access to courts J3 unit.

26. Defendant #17 <u>Janice Demiter</u>, TDCJ ATC Supervisor, Ramsey Unit, P.O. Box 99, Huntsville, Texas 77342. She is legally responsible for the proper training & supervision of those state actors' acts/omissions under her authority to ensure prisoners' fundamental constitutional access to courts. She above all defendants has the most personal knowledge and understanding of plaintiff and his property and rights claims herein.

as access to courts is the primary interference, violation, obstruction, and defendant Demiter is the primary facilitator of interferences, violations, obstruction. Defendant Demiter is being sued in her official capacity for her relevance to declaratory and injunctive relief and in her individual capacity for compensatory and punitive damages. She was at all times relevant to the claims herein. Service of process address accessibility denied.

27. Defendant # 18 <u>Vannessa Sefcik</u>, TDCJ, ATC, Ramsey Unit Law Librarian III. P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, especially relevant to access to courts, the rights, privileges, or immunities of prisoners thereof, including Ramsey Unit. She is at all times relevant to the claims herein. Service of Process address accessibility denial.

28. Defendant #19 <u>Leah Alexis</u>, TDCJ, ATC, Ramsey unit Law Librarian II, P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear understanding of, and to comply

all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, especially relevant to access to courts, the rights privileges, or immunities of prisoners thereof, including Ramsey Unit. She was at all times relevant to the claims herein. Service of process address accessibility denied.

29. Defendant #20. <u>Anthony Newton</u> TDCJ, Ramsey Unit Senior Warden. P.O. Box 99, Huntsville, Texas 77342. He is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ Ramsey Unit. He is responsible for the overall operations of the Ramsey Unit at was at all times in said office relevant to the claims herein. He was legally responsible for the health, safety, and welfare of all the inmates at that unit. Service of process address accessibility denied.

30. Defendant #21 <u>Deward DeMoss</u>, TDCJ, Ramsey Unit Senior Warden. P.O. Box 99, Huntsville, Texas 77342. He is legally responsible to know, have a clear

understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, including Ramsey Unit operations. He is legally responsible for the overall operations of the Ramsey Unit. He is responsible and was relevant at all times pertaining to the claims herein while in that office. He was legally responsible for the health & safety, and welfare of all the inmates at that unit, including facilitation of prisoners' rights, privileges, or immunities, and not to harass, retaliate, or discriminate against prisoners' assertion of rights. Service of process address accessibility denied.

31. Defendant #22. <u>Stephen Massie</u>, TDCJ, Ramsey Unit, Assistant Warden. P.O. Box 99, Huntville, Texas 77342. He is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, including Ramsey Unit. He was at all times in office relevant to the claims herein, and next to Defendant #17, he is most familiar

perhaps even more broadly aware, of plaintiff's claims herein. Service of process address accessibility denied.

32. Defendant #23 _____ Burke TDCJ, Ramsey Unit Major of Correctional Officers, P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear understanding of, and to comply with, train & supervise those under and/or relevant to her office, all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, including Ramsey Unit. She was at all times relevant to the claims herein while in office, and for the proper adherence of security, facilitation thereof, without harassing, retaliating, or discriminating against prisoners for assertion of rights. Service of process address accessibility denied.

33. Defendant #24 Kerrie Barron, TDCJ, Ramsey Unit Major of Correctional Officers, P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations

of the TDCJ, including Ramsey Unit, she was at all times relevant to the claims herein, even those sought consolidated wherein her acts/omissions interfered with petition rights and more of plaintiff. She is legally responsible to properly train & supervise all correctional security officers to know, have clear understanding of, and comply with all authorities governing their acts/omissions, without facilitation of conspired harassments, retaliations, or discriminations against prisoners, including plaintiff, for assertion of said rights, privileges, or immunities thereof said authorities governing the TDCJ. Service of process address accessibility denied.

34. Defendant #25 Maricia Jackson TDCJ, Region III Director. P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear understanding of, and to comply with, and ensure those in authority at TDCJ units under her direction comply with, properly train & supervise all unit personnel to comply with, all laws, rules, court orders, policies, and statutory

authorities governing the operations of the TDCJ, including the Ramsey Unit, personnel thereof, which is within Region III under her direction, training & supervision. This defendant was at all times relevant to the claims herein, has been previously, many times been personally notified of non compliances, violations, and obstructions, Service of process address accessibility denied.

35 Defendant #26 Linda C. Hone, TDCJ, Ramsey Unit Grievance Investigator P.O. Box 99, Huntsville, Texas 77342. She was legally responsible to know, have a clean understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, especially as UGI. The UGI is responsible to investigate the grievances of inmates to bring awareness of state actors' acts/omissions under color of state law to those in authority to concentrate on where attention to proper training and supervision must be applied, a critical office of compliances, if it would be

properly and purposefully utilized rather than always generic denials of correctional institution's personnels' liabilities. Defendant Howe was at all times relevant to many government documents falsifications relevant to the claims herein. Service of process address accessibility denied.

36. Defendant #27 <u>Amanda McCree</u>, TDCJ, Ramsey unit, Chief of Classification & Records Office P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear under-standing of, and to comply with all laws, rules, court orders, and statutory authorities governing the operations of the TDCJ. She is further legally responsible to properly document, prisoners medical/disability status that all state actors under color of state law will ensure no harassments, retaliations, discriminations, or injuries will unnecessarily occur. She has authority to access Personal Health Information (PHI), and a duty to do so to ensure proper legal classifications of prisoners. She was/is at all times relevant to

to the claims herein and those since 2015 sought to be consolidated relevant to the claims herein, Service of process address accessibility denied,

37, Defendant #28 _____ Odom , TDCJ, Ramsey Unit Chief of Classification & Records Office P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ. This defendant took office from defendant #27 about 18 months or so prior to this submission. She is legally responsible to personally ensure inmates are properly classified relevant to medical/disability issues to ensure state actors under color of state law have proper records to direct the treatment/classification/accommodations of inmates in their care, custody, confinement, and control. Since in this office she has been personally

notified, informed, and requested of proper documentations relevant to the claims herein, she has both authority and duty to access the Personal Health Information (PHI) of prisoners on roster within her office. Since taking this office she is at all times relevant to the claims herin. Service of process address accessibility denied,

38. Defendant #29 _____ Redus, TDCJ, Ramsey Unit Lt. of Correctional Officers, P.O. Box 97, Huntsville, Texas 77342. He is legally responsible to know, have a clear understanding of, and to comply with, train & supervise those of his authority to comply with, all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ. He was at all times relevant to the claims herein as noted. Service of process address accessibility denied.

39. Defendant #30 _____ Lopez TDCJ Ramsey Unit Seargent of Correctional Officers, P.O. Box 99, Huntsville, Texas 77342. He is legally responsible to know, have a clear understanding of, and to comply

with, to train & supervise those within his authority to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ. He is personally involved relevant to the claims herein as noted, and was assigned to Ramsey Unit. Service of process address accessibility denied.

40. Defendant #31 _____ Johnson, TDCJ, Ramsey Unit, Sgt of Compliances. P.O. Box 99, Huntsville, Texas 77342. He is legally responsible, especially as compliance Sgt. to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, including the Ramsey Unit. As compliance Sgt. he is legally tasked to ensure all state actors acting under color of state law receive the proper training & supervision, even beyond those orders of higher authorities adverse to compliances, for which he is legally responsible to document and bring to the attention of TDCJ authorities to correct. He was at all times relevant as is noted herein these claims. Service of process address accessibility denied.

41. Defendant #32 _____ Brennan, TDCJ Ramsey Unit Property officer, P.O. Box 99, Huntsville, Texas 77342. He is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ. He is legally responsible to ensure that all property taken from inmates at the Ramsey Unit is in compliance with the authorities relevant. He is legally responsible to ensure proper inventories of every item taken from the possession of prisoners is documented, that proper confiscation of every item is documented, and that every item received under his authority is matching PROP-05 (inventory) and PROP-08 (confiscation) and that each item is properly secured per TDCJ policies relevant. He is at all time's relevant to the claims herein as noted. Service of process address accessibility is denied.

42. Defendant #33 _____ Labrie, TDCJ Ramsey Unit Property officer. P.O. Box 99, Huntsville,

Texas 77342, He is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, He is legally responsible to ensure that all property taken from inmates at the Ramsey Unit is in compliance with the authorities relevant, He is legally responsible to ensure proper inventories of every item taken from the possession of prisoners is documented on PROP-05 form, that every item that is confiscated is properly documented on PROP-08 form (EXCEPT LEGAL MATERIALS) and that every item received under his authority is matching PROP-05 & PROP-08, document variances, investigate variances, and properly secure all property documented according to TDCJ policies. He is at all times relevant to the claims herein as noted. Service of process address accessibility denied, 4/3, Defendant # 34 _____ Blount TDCJ, Ramsey Unit Correctional Officer P. O. Box 99, Huntsville, Tx 77342. He at all times was relevant to the

claims herein as noted. He is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ. Service of process address accessibility denied.

44. Defendant #35 _____ Milburn, TDCJ, Ramsey Unit Correctional Officer, P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ. She at all times was relevant to the claims herein as noted. Service of process accessibility denied.

45. Defendant #36 _____ Gobar, TDCJ, Ramsey Unit (VISITING CORRECTIONAL OFFICER TO ASSIST WITH UNIT LOCKDOWN SEPTEMBER 08, 2023.) He is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ. He was at all

relevant to the claims herein as noted. Service of process address accessibility denied.

46. Defendant #37 _____ White, TDCJ Ramsey Unit Lt. of Correctional Officers. P.O. Box 99, Huntsville, Texas 77342. She is legally responsible to know, have a clear understanding of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ. She was at all times relevant to the claims herein as noted, Service of process address accessibility denied.

47. Each defendant is sued as noted and defendants numbered 18 through 37 are sued in their official capacities for declaratory jud and injunctive relief and in their individual capacities for compensatory and punitive damages, At all times mentioned in this complaint, each defendant acted under the color of state law.

# IV.
## FACTS

NOTICE TO COURT: The facts stated herein are stated from plaintiff's memory due to his conditions of confinement depriving his protected civil and disability rights as well as the defendants' in this complaint of concerted efforts conspiring to obstruct the justice sought herein, just as in all previous lawsuits via denied access to courts, petition, speech, due process, equal protections, theft, conversion, retaliations, relevant to property and liberty interests, namely deprivation of legal materials. This is a TDCJ, TBCJ, and contracting services personnels' habit & routine practice, their first line of defense to plaintiff's intended prosecutions. Relevant to the claims herein, the facts thereof, since September 08, 2023, targeting, retaliatory acts/omissions have been depriving plaintiff access to Seven (7) to ten (10) "cubic feet" of legal materials, all of which, in retaliation were literally maliciously dumped out of file folders onto the floor during annual lockdown-shakedown

on September 08, 2024 where 7 cu.ft were taken without inventory and without confiscation papers. The legal materials were walked on, stepped on, scattered, disrupted, and this by none other than a rogue major, who to date remains unchecked. Plaintiff was permitted to keep about five (5) cubic feet of other legal materials as he was just previously authorized to possess the entire about twelve (12) cubic feet with two (2) authorized subsequent storage containers for legal materials, each 12" x 12" x 24" roughly two cubic feet each, and one cubic foot counted for initial storage container. The majority of plaintiff's other personal property was also taken without inventory or confiscation papers.

Then an effort to cover their tracks, access to courts decided to conduct another ATC-040 Subsequent Storage Container Review, but deprive the (7) cubic feet taken Sept. 08, 2023. Plaintiff initially denied and the request for the

legal materials (7 cu.ft.) taken Sept. 08, 2023 to be included in the review were not only not included, but due to all information to provide requested in the review was in the seven cubic feet and plaintiff unable to provide it, both legal boxes and contents of legal materials were also taken, inventoried on PROP-05 of 56" legal materials and confiscated on PROP-08 as 56" paper.

This whole incident was/is a legal/liability nightmare, which was eventually recognized, likely due to plaintiff's numerous, state-wide efforts for resolution involving near each defendant. Plaintiff was permitted to access his about 12 cubic feet of legal materials germane to his ongoing challenges to convictions and state actors interference thereof via state and federal civil actions of same acts as claims herein, same questions of laws, and will be sought consolidated.

Plaintiff on January 31, 2024 presented all legal, viable justifications for the subsequent

Storage Container review for legal materials
On February 06, 2024 Access To Courts conducted
search, measure, and verification of the total
of legal materials in plaintiff's possession
and confiscated equaling 139 inches legal
materials. On February 09, 2024, property
officer called plaintiff to property room,
the 139 inches legal materials there on a
cart and tables, and one subsequent storage
container (legal box) 12"x12"x24", two cubic
feet. Plaintiff was instructed that he
could fill it with whatever he wanted,
the remainder, he would have 90 days,
ninety days to make disposition. So, given
this plaintiff began to attempt to sort, but
between the intitial disruption Sept. 08, 2023
and subsequent sorting of order by access
to courts into piles they considered appropriate,
plaintiff's legal materials would take
months to restore proper order of litigations,
research documentations in support of
causes of actions, and this per civil
action. The property officer said plaintiff
had thirty minutes to fill his legal box

with the legal materials he wanted to keep, an impossible task. What was kept in the property room, and supposedly is marked to be preserved for litigation as evidence is ninety-one (91) inches or thereabouts of legal materials and all the personal property taken on Sept 08, 2023 which includes property legally possessed by plaintiff, but retaliations of rogue high ranking officials very badly abused discretions. Plaintiff at this point does not possess even one complete legal file of any anticipated-active litigations, all thus far unadjudicated with intent to have adjudicated.

What all this means is plaintiff, on December 05, 2024 was conveniently transfered to a medical unit, unnecessarily, and does not have his legal materials, even those not deprived possession of to refer to, but the following facts are to be amended, upon relief sought preliminarily; however, they may be relied on as is:

48. On or about June, 2022, following plaintiff typing several grievances concerning unit major

and other unit actors acts/omissions causing unit safety & security issues, Lt. Redus came to ten dorm, entered, made a bee-line to two bunk, plaintiff's housing, asked plaintiff to see his typewriter, plaintiff complied. The asked plaintiff for property paper, plaintiff produced it, Lt Redus took possession of both. Plaintiff asked why he was taking them, he began to say "Major Burke", but stopped at "Major," then said, "I'm just doing what I'm told." Plaintiff eventually received confiscation papers for the typewriter, but not for his property paper, as it to is property.

49. The next day plaintiff approached Major Burke who stated the authority of the issuance of the property paper is in question. Plaintiff asked by who and why out of the blue and without reason. She, Major Burke just walked off.

50. Several other attempts were made for Wardens to become involved, but politics on Ramsey super cede laws, rules, court orders, policies, etc. and no answer was

forthcoming & denial of this property, which was granted via previous wardens as an accommodation to plaintiff's disability of right arm / hand in about 2019, then later the typewriter, which was old sheared the strike head, and another inmate was purchasing a new typewriter, offered the old one to plaintiff.

51. Plaintiff, to ensure all was legally and properly possessed took the old typewriter and property paper, the newly possessed typewriter and the other inmates property paper, and the inmate to the property office to receive approved authorization. CO Brennan was no longer there, but there was a female who was temporarily assigned to conduct property office business and all was explained, took possession of the old typewriter and property paper, issued new reissued property paper for the other for plaintiff to be in compliance,

52. The deprivation of this "disability auxilary aid" (typewriter) caused injury, even serious physical injuries requiring surgery, at least in large enough part.

53, Plaintiff submitted requests to be provided copy of typewriter property paper and was

provided a copy of the original property paper, which was in support of the facts and his claims as noted of original & subsequent authorizations. With this evidence, plaintiff began anew to push the issue to be returned to him his typewriter as he was suffering terribly severe, as in those writings due to disabilities and no access to typewriter.

54. The actors involved in this are Lt. Radus, Major Burke, Linda Hone, CO Brennan, CO Labrie, I believe also Stephen Massie and once plaintiff is granted relief sought of his legal materials returned, he will provide more and accurate facts.

55. This typewriter was returned, along with the grievance December 22, 2022, hence the deadline of this filing and completed without access in the middle of medical transfer.

56. It should be stated the fact that plaintiff continuously asserts his civil & disability rights, privileges, and immunities in all phases of his confinement, most particularly access to courts as it is the primary right that

he is discriminated against due to disabilities, and denied requested accommodations (reasonable ones), even ones previously granted via TRO teleconference January 25, 2018, Judge Denman of the 412th Judicial District, Brazoria Co., Texas, which followed incidents of USDC-ED Tyler No. 6:17-cv-0405 of unlawful confiscation of about six (6) cubic feet of plaintiff's legal materials, and Judge Denman's TRO teleconference on August 18, 2017 causing the return of those legal materials which documents, including the Office of Attorney General and Lisa Garretts Affidavit that those six cu. ft were NOT legal materials, falsifications to obstruct justice in USDC SD Houston No. 4:15-cv-03139 a disability rights / ADA violation case removed from Judge Denman's court 83217-I & plaintiff's Strike #2. Plaintiff says all this to say he grieves all acts/omissions causing him injuries/ harms and in violation of policies and laws he is consistently retaliated for his

continued assertions, grievances, and lawsuits.

57. On January 03, 2023, Sgt Lopez arrived at 10 dorm bunk 02, plaintiff's housing granted via Risk Mgmt. and Safety office, once proper investigation was conducted, yet still neither A. McCree, or _. Odom of Classification had accessed plaintiff's PHI or Protected Health Information so retaliatory acts/omissions could be prevented, a retaliatory act/omission in and of itself to avoid any ADA/RA recognition. Sgt Lopez said put down what you are doing and come with me. Plaintiff complied.

58. Sgt Lopez escorted plaintiff to the infirmary where he was given an affirmative of good health sufficient to be taken to AD-SEG. and he was placed in restraints and was escorted to AD-SEG where he remained for several days before informed why

59. What Sgt Lopez failed to do when he had intent to remove plaintiff from ability to secure his property and the officer who was tasked to pack it allowed inmates to pack it who were allowed to access it in the

the absence of that officer took it upon themselves
to relieve plaintiff of much of his property.
Some of this property was disability auxiliary
aids, which plaintiff's is provided for disability
of right arm/hand of pen/pencil grippers,
commissary clothes which were hand-me-downs,
but of value in prison, especially thermal
underwear, and plaintiff has no receipts
for, as well as other commissary food
items, some plaintiff acquires by making
cakes, pies, tamales, and some he receives
through ecom when people send it.

60. Assistant Warden Massie is the primary contact
for resolution, especially once all property
was delivered to AD-SEG to plaintiff and
lacking. Soon thereafter Major Kerrie Barron
and __. Odom held UCC/Disciplinary hearing
finding the "I-60" placed in mailbox by an
unidentified inmate stated plaintiff was selling
K-2 and stealing property was found to be
"unsubstantiated."

61. That this was more acts of retaliation,
an opportunity for retaliation in the least
was confirmed as a Sgt showed plaintiff

the actual "I-60" written by another inmate
and plaintiff recognized the writing as
an inmate in next cubicle who sought
to take over plaintiff's cake, pies venture,
but was not as experienced to compete.
What plaintiff did is submitted an identical
"I-60", but with that inmate's cubicle
number, however, it failed to produce
the same results of being placed in
AD-SEG.

62. Kennie Barron & Ms Odom decided that
instead of returning plaintiff to his cubicle,
which was part of TRO agreement Jan. 25, 2018
and subject of much retaliatory deprivations
since then, to put him in the most onerous
wing on the unit, with the most "crackheads"
"troublemakers" and in the most disliked
cell on the wing, where plaintiff remained
until transfer Dec. 05, 2024 to Jester 3
Unit unnecessarily and retaliatorily for
grieving denied medical treatment causing
injury requiring surgery in free world
hospital for ten days, and which he seeks

to return to Ramsey Unit from as plaintiff is not infirm, does not need : <u>daily access to Hospital Galveston</u>, nor <u>Type 1 chronic care facility</u>, nor <u>Type 3 single level facility</u>, nor has he been given IV antibiotics, all of which are changes to his medical classifications as retaliation for his grievance filed and claims to file suit for the November 19th & 20th denied medical treatment causing injury. Also plaintiff is at Ramsey for college where he has earned two Associate degrees and achieving honors graduating 2019 & 2024 Summa cum laude, and is to begin the bachelor degree as soon as his 1980-84 college transcripts arrive officially at UHCL.

63. Many efforts to resolve the issue of unsecured property Jan. 03, 2023, including notifying of receipt of purchase; however, this escaped the attention of Senior Warden Deward De Moss, another rogue actor. DeMoss had responded to the Step 1 grievance that without proof of purchase the items would not be replaced!

64. Plaintiff brought the step 1 response to the attention of Asst. Warden Massie along with the proof of purchase. Warden Massie took both and made copies, said he would "look into it", his favorite words, but plaintiff had only 15 days to submit Step 2 grievance and he had heard nothing more from Mr Massie, so plaintiff noted all stated facts above, the receipt/proof of purchase and when the step 2 response was returned, it verifies plain & simply the acts/omissions that are standard in the VOLUNTARY GRIEVANCE SYSTEM THAT PRISONERS ARE REQUIRED TO EXHAUST BUT STATE ACTORS ARE NOT REQUIRED TO FOLLOW ANY CRITERIA EXCEPT THE AUTHORITY OF THE AMERICAN CORRECTIONAL ASSOCIATION, WHICH UPON INVESTIGATION, DISCOVERY and interrogatories will show breach of contract relevant to TDCJ. The Step 2 response stated without proof of purchase no property replaced.

65. Plaintiff again brought this to Mr Massie, who took both original step 1 & 2 and commissary receipt of proof of purchase, said he would "look into it." He did by passing these papers, also plaintiff's property to property officer

Labrie, who one day called plaintiff for a list of commissary items. Plaintiff saw that Mr Labrie had the originals of Step 1 + 2 and plaintiff's commissary receipt from about Nov. 20, 2022, within the 60 days per policy to be valid. Plaintiff informed Labrie that he had the list, just use the receipt, which made sense, but somehow irritated Labrie such that he said he "aint doin nothing on it" and to date has not, nor returned property of grievances and receipt.

66. Once again plaintiff is in the place between the hard place and the rock, has no access to his excellent documentations of facts, dated, a very I-60, requested resolution, etc. and will just state that during time plaintiff moved from AD-SEG, even to date, he continues to assert rights civil & disability relevant especially to access to courts, including indigent supply paper (a huge state-wide TDCJ avenue to interfere with petition rights of indigent prisoners, and a claim in every suit beginning 2014 of destroyed legal materials at the Dalhart Unit USDC ND Amarillo No 2:14-cv-0256, still not adjudicated and plaintiff's unconstitutional strike #1.

It is within and resulting from those of plaintiffs assertion of rights to assist and be assisted by/for other inmates per both ATC-150 of accommodations to ensure fundamental constitutional Access to Courts is afforded every inmate, and ATC-050 of "Inmate/Inmate Legal or Same-Session Visits" for the sole purpose to discuss and prepare legal issues. J. Demiter, V. Sefcik, and Leah Alexis, relevant to all access to courts policies, use primarily Demiter's personal interpretations of those policies and enforce those interpretations. That Demiter is the Ramsey Unit Access to Courts Supervisor, previously its law Librarian III for years, V. Sefcik and L. Alexis fall in line with said enforcements without question even following plaintiff showing in black and white in the policy. One of those interpreta- tions is "required Court Ordered Deadline", which excludes statutory and procedural deadlines. This justification does not apply to any request by plaintiff for visits with other inmates, indigent legal supply paper, and accommodations to disabilities.

67, Plaintiff brought these issues for resolution

on several occasions to Warden DeMoss, Warden Massie, Major K. Barron, all of which have no clue whatsoever to make a sensible judgment on the matter, and which creates little, if any, will for either to investigate said policies to gain knowledge to do the job for which they are both tasked and liable to do, allowing the injuries to mount up without concern so much as to say upon approach by plaintiff "GO ON! GeT THE HELL OUT OF HERE!" (DeMoss)

68. Policy AD-14.09 clearly states "INDIGENT LEGAL SUPPLIES SHALL NOT BE LIMITED", but at every single unit, including this Jester 3 unit when plaintiff has little resources, but has managed to trade some meals at the chow hall to come up with enough paper to get this complaint in and meet screening criteria, within two years.

69. On September 08, 2023, Ramsey Unit on lockdown for annual shakedown, and 3-wing was being search, CO Gobar was a visiting officer to assist with lockdown procedures, CO Gobar exhibited the behavior of slave master of old days and began right away yelling out to inmates that were not ready to move properly to search area

telling them to "get their damn property out of the cells now or he will get it out for them, confiscate it and they will not see it again." At this plaintiff made certain, or so he believed, to move quickly and evacuate his cell. Plaintiff is in his 20th year of incarceration, had accumulated his various college supplies, medical treatment and health supplies, hygene supplies, commissary clothes maximizing, even over some limits, his disability auxilary aids, his spiritual and personal rehabilitation, self help resources, and commissary bags, commissary food items, typewriter and about $250.00 in typing ribbons, correction ribbons, and print wheels, all such that he already possesses a lot of property, but has even since arriving at Ramsey 2015; however, this did not get CO Gobar.

What attracted CO Gobar was the legal materials. Two "legal boxes" and five (5) bags designated in big black letters, "LEGAL MATERIALS." FUR MOST this would not be cause for concern, but CO Gobar, his slave-master behavior, it was a "target" and he jumped on it and he refused to let it go.

70. CO Gobar raised a big fuss until Lt White

became involved, who was familiar with plaintiff since June 2015 as she as CO escorted him onto the Ramsey Unit off the chain in bus. She has never been able to adjust to plaintiff's assertion of rights, but never became involved far or against. White once told plaintiff that "Huntsville is a long ways away, what we do here at Ramsey is Ramsey business, which meant policies do not override habits and routine practices, and this has held true,

71. C1 White brought the matter of 5 bags of legal materials to J. Demiter, where it should have ended because V. Sefcik had recently done the review of all the legal materials to include both legal boxes with contents full of legal materials and the 5 bags of legal materials. V. Sefcik had authorized all the legal material volume allowing plaintiff to leave the law library with that volume, all in two legal boxes and 5 bags of legal materials due to substandard cell size and storage locker.

J. Demiter, rather than accessing the records under the authority of her own office, chose rather to utilize both rogue DeMoss & Barron, who jumped right on it as soon as plaintiff

was pointed out to them both by Demiter. Plaintiff was provided a cart to move his property despite the lifting restriction and other restrictions relevant to disability of right arm/hand and was carrying a little at a time to the "Old Chow Hall" (OCH) to get in line to be searched for contraband.

72. DeMoss and Barron waited until plaintiff had all his property in line, then ordered him to the front of the line. Demiter, plaintiff believes, told DeMoss and Barron that plaintiff was indigent and has been since she has been at Ramsey Unit Access to Courts. Plaintiff believes this first because it is Demiter's type of behavior to deprive inmates as is possible, and second because once all plaintiff's property at a table for search DeMoss said "you are indigent" not a fact DeMoss or Barron would put effort to investigate.

At this point DeMoss told plaintiff that he would confiscate most of the property, then DeMoss unleashed Barron who began with the 5 bags of legal materials. Barron was literally dumping out file after file on top of file onto the floor, walking on, standing on,

stepping on, reading content, scoffing at what she was reading, then tossing them after reading them in different directions such that inmates standing in line awaiting search began to call plaintiff to look. Plaintiff was not permitted to be present/watch in this legal materials search by Barron, but upon calls to look, he witnessed everything. Barron had scattered all the legal materials, disrupted them beyond penological purpose into malicious retaliation. CO Milburn was assisting, CO Labrie was there, and a host of other officers looking in disbelief at what the major was doing.

73. Once Barron had her fill of disrupting the plaintiff's legal materials, she instructed CO Milburn and another visiting officer _____ to fill the two legal boxes with legal materials, then confiscate everything he has no receipt for, but nearly everything, even lawfully possessed property was deprived without due process, verification of property papers along with seven (7) cubic feet of disrupted legal materials so much that to date plaintiff remains without

a single complete file to exercise access to courts, petition rights of facts in support of claims. Plaintiff remains to date deprived this property, without inventory (PROP-05), without confiscation (PROP-08) or any due process as to what was confiscated or why and this despite numerous and continuous requests to Region III Director Maricia Jackson, Bryan Collier, Ken Paxton, Eric Nichols, Marvin Dunbar, and more through an eleven (11) page attempt at resolution/investigation, all refusing to investigate or become involved.

74. Soon after this September 08, 2023 incident, and plaintiff claiming the fact that it was all just authorized by V. Sefcik for plaintiff to possess all the legal materials, J. Demiter ordered V. Sefcik to conduct a new Subsequent Storage Container for legal materials review, which was delivered on about October 16, 2023 and stated a deadline of about October 19, 2023 to submit justifications for all legal materials.

75. Plaintiff stopped at the law library about the next day, informed her of both that he needed to access the (7) cubic feet deprived him Sept 08, 2023 and that he demanded that the 7 cubic feet be included in the review.

Plaintiff explained that Mr Massie was "looking into it" for the purpose of returning, but was on vacation, so V. Sefcik extended the time deadline, despite the short notice already violated policy time to prepare justifications.

76. When Mr Massie returned from vacation and V. Sefcik contacted him, he instructed her to follow protocol, per V. Sefcik to plaintiff. V. Sefcik had plaintiff called out of college class to his housing where V. Sefcik and CO Blount were already there and had removed the two legal boxes with full contents of legal materials to confiscate both legal boxes and contents.

77. CO Blount push the cart carrying the boxes and legal materials to Captain's office area, where he properly filled out a PROP-05 (inventory) following an accurate measurement of 56" (inches) of legal materials. Then filled out PROP-08 (confiscation) stating 56" legal materials confiscated. CO Blount provided copies of both and plaintiff was dismissed.

78. After plaintiff left the room from his legal materials, he could not believe his luck that, despite the PROP-08 states right on the form, at description area that "NO LEGAL MATERIALS SHALL BE CONFISCATED USING THIS FORM" as the state-wide TDCJ habit

and routine practice concerning confiscation of legal materials is to call it paper or folders, anything to falsify the fact that it is legal materials being confiscated, but soon CO Blount was running down the hall) to catch plaintiff. He said he had to rewrite the PROP-08 and would return the new copy. Certainly CO Blount had given the originals to V. Sefcik, who very quickly instructed him to get that other one and rewrite it. The rewritten copy states "56 inches paper". The date was October 26, 2023. This was grieved and exhausted.

79. Through October, November, and December, plaintiff had written enough state office heads, had emails sent such that it was determined more had to be done to satisfy deprivation of all the legal materials and by near end of January 2024 a meeting was called with present DeMoss, Massie, Demiter, Sefcik, and Labrie. It concluded that plaintiff would be allowed to include all legal materials in the review and would be permitted to review all of it to provide requisite information and measurements, which he submitted by January 31, 2024.

80. On February 06, 2024 plaintiff was called to property office where a chair was placed about ten feet from where Demiter & Sefcik would

conduct the review and plaintiff was denied to intervene.
Plaintiff sat quietly and watched Demiter and Sefcik
attempt to organize the legal materials per
case number from the disruption of K. Barron
on Sept. 08, 2023, further disrupting the files,
but plaintiff sat quietly as stacks of papers
toppled from efforts to measure. Upon completion
of their review, Demiter & Sefcik left the area,
CO Labrie stayed while plaintiff was tasked
to return all the legal materials to the
property room storage boxes.

81. On February 09, 2024 CO Labrie called for plaintiff
to the property room where he had one (1) legal
box and the 139 inches legal materials set
out and instructed plaintiff to fill the legal
box and he had 90 days to make disposition
of what remained, which is about 91 inches
or 8~10 cubic feet.

82. Plaintiff grieved this deprivation to be against
his Constitutional right, against policy(s) and
retaliatory, but it was screened out redundant
to the October 26, 2023 deprivation and returned
unprocessed.

83. On March 04, 2024 plaintiff submitted subsequent
grievance stating screened out grievance resubmitted.

and then sent copy to Supreme Court of the U.S No. 23-5580. Plaintiff waited a few days for the grievance office where Linda Howe retired from and vacant for it to be processed, then requested the number of the March 04, 2024 resubmission. No response. Submitted subsequent request. Finally a response was returned "we have no record of this grievance.

84. Plaintiff has been seeking every possible avenue to protect, have legally protected his property and liberty interests in those matters to date. Plaintiff is running out of paper to complete filing requisites so will leave these facts as they are until the court determines TRO and permanent injunction relief.

## V
## LEGAL CLAIMS BRIEFLY

85. The deprivation of legal materials and property violated plaintiff Richard Barroso's rights and constituted a due process violation under the Fourteenth Amendment to the Constitution of the U.S.

86 The deprivation of disability auxilary aid, especially the typewriter caused injuries violating

plaintiff Richard Barroso's rights, as well did deprivation of his legal materials, and denied resolutions violated his rights and constituted cruel and unusual punishments under the Eighth Amendment to the Constitution of the U.S.

87. The deprivation of accommodations to his disabilities violated plaintiff Richard Barroso's rights and constituted violations of due process under the Fourteenth Amendment, equal protection under the Fourteenth Amendment, Access to Courts under the Sixth Amendment, and cruel and unusual punishments under the Eighth Amendment to the Constitution of the US.

88. The fact that previous documents in every occassion of the facts support that plaintiff had lawful and policy right to possess all property deprived violated plaintiff via retaliations and plaintiff Richard Barroso's rights and constituted cruel and unusual punishments under the Eighth Amendment to the Constitution of the US.

89. All the defendant's actions/inactions or omissions failing to properly train & supervise violated plaintiff Richard Barroso's rights and constituted cruel & unusual

punishment under the Eighth Amendment to the Constitution of the U.S., and constitutes violation of obstruction of justice via Title 18 USC § about 15000 ish, even could be found to be RICO violations

90. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks

## VI
## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays this court enter judgment granting plaintiff:

91. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

92 Grant Motion to appoint counsel, following consideration, perhaps hearing and determination regarding disabilities and right to accommodation, which appointment of counsel would act as an accommodation to both disabilities and conditions of confinement.

93. A preliminary and permanent injunction ordering Ken Paxton, Bryan Collier and all defendant #'s 6 through 37

to cease acts or omissions of retaliations against plaintiff outside of laws, policies, and scope of practice, access PHI (Protected Health Information) and document among the records routinely accessed these disabilities/impairments and the reasonable accommodations previously afforded plaintiff via January 25, 2018 TRO teleconference agreement, cease depriving plaintiff his access to courts via confiscated legal materials, denied indigent legal paper & supplies, denied to receive/provide assistance of discussing and preparing legal issues with other inmates, return all property deprived plaintiff of his possession on September 08, 2023, January 03, 2023, October 26, 2023, February 09, 2024 unless the court is provided by said defendants evidence that any particular items deprived are a threat to the safety or security of the institution, allow plaintiff to have 90 days to put into compliance all personal property and provide proper storage containers for all legal materials pending the courts order otherwise. Defendant's #'s 2-7 to investigate/audit all relevant records, properly train and

supervise all TDCJ personnel acting under color of state law to know, have a clear understand of, and to comply with all laws, rules, court orders, policies, and statutory authorities governing the operations of the TDCJ, including knowing that the Americans with Disabilities Act of 1990 does in fact govern TDCJ, including access to Courts; and order State of Texas to add separability provision to Texas Civil Practices & Remedies Code § 14.005(b) or cease enforcing it against indigent prisoners, particularly prisoners with disabilities who cannot comply with the enforcement causing unconstitutional circumstances.

94. Compensatory damages in the amount of $7,500.00 against each defendant for each cause of action, jointly and severally.

95. Punitive damages in the amount of $15,000.00 against each defendant for each cause of action,

96. A jury trial on all issues triable by jury.

97. Plaintiff's costs in this suit

98. Any additional relief this Court deems just, proper, and equitable.

## UNSWORN DECLARATION

I, Richard Barroso, currently confined at the Jester 3 unit, I believe Fort Bend County, Texas declare under penalty of perjury that the foregoing is true and correct.

Executed this the 20th day of December, 2024

Richard Barroso
Richard Barroso
TDCJ-CID # 1452245
Jester 3 Unit
3 Jester Rd
Richmond, Texas 77406

Richard Barroso #1452245
Jester 3 Unit
3 Jester Rd
Richmond, Texas 77406

LEGAL

Clerk of Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
601 Rosenberg St., Rm 411
Galveston, Texas 77550

